IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
F I L E D

OCT 0 4 2024

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 24-33223 |
| KIMBIRLY GONZALEZ, | § | |
| | § | CHAPTER 7 |
| Debtor. | § | |
| | § | |
| JAVIER SANCHEZ, JR. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 24-3163 |
| | § | |
| KIMBIRLY GONZALEZ, ARTURO | § | |
| GONZALEZ, MAKKULA LLC AND | § | |
| JOSE LUIS CELADON RAMIREZ, | § | |
| | § | |
| Defendants. | § | |

## PRE-TRIAL STATEMENT

TO THE HONORABLE JUDGE OF SAID COURT;

**COMES NOW,** Arturo Gonzalez ("Defendant") files a Pre-Trial Statement. I, Arturo Gonzalez, denies each and every allegation of the Plaintiff's Original Petition on the Adversary and demands, as required by the Texas Rules of Civil Procedure, strict proof of each and every allegation. Estoppel: Plaintiff has failed to show that I, Arturo Gonzalez, ("Defendant") ever had title to the property at issue. I never claimed title this property, I never executed a deed for the property, I never claimed an interest in the property and is not now nor has never been named on any deed to the property at issue. All of the deeds real property documents plead by Plaintiff and other defendants. A certificate of acknowledgment on a deed, however, is prima facie evidence that the signature appeared before the notary and executed the deed in question for the purposes and consideration therein expressed. Bell v. Sharif-Munir-Davidson Dev. Corp,. 738 S.W.2d 326, 330 (Tex. App. – Dallas 1987, writ denied). "Clear and unmistakable proof that either the grantor did not appear before the notary or that the notary practiced some fraud or imposition upon the grantor is necessary to overcome the validity of a certificate of acknowledgement." Id. Maayeh v Curry, No. 05-01901466-CV, 2022 WL 1089913, at *3 (Tex. App. – Dallas Apr. 12, 2022, no pet)

1. On July 12, 2024, the Debtor, filed a petition seeking relief under chapter 7 of the Bankruptcy code. I had no knowledge of the Debtor filling for Bankruptcy on this date. Mrs. Kimbirly Sanchez is not wife. She is Mr. Javier Sanchez Wife. The Bill of Review was Approved. Case No. 2020-48032.
2. Mr. Sanchez filed a suit against Mrs. Sanchez and making me part of this suit 3 years later after Mrs. Sanchez decided to move on with her life.
    A. I have no knowledge of any forged divorce documents, when me and Mrs. Kimbirly were in a relationship, she was divorced according to Harris County Records 2020-48032. In the interrogatory questionnaire Mr. Javier failed to provide documentation of his whereabouts when such documents were signed. Mr. Javier admits that people's signatures can vary as they sign their names to documents.
        i. I have no knowledge of a notarized of waiver. I am not the Debtor's Husband. I did not appear to sign Mr. Javier name in front of a notary.
        ii. I have no knowledge of a forged signature on the Final Decree of Divorce.
    B. I have no knowledge of the filing of deed records of Mr. Javier name forged nor the selling of the properties and the keeping the proceeds of sale:
        i. I have no knowledge of a notarized affidavit of gift purporting to gift Mr. Javier interest in real property at 0 Blue Lake. I am not the Debtor's Husband. I did not appear to sign Mr. Javier's name in front of a notary.
        ii. I have no knowledge of a warranty deed purporting to convey Mr. Javier's interest in 0 Blue Lake Drive. I am not the Debtor's Husband. I did not appear to sign the Mr. Javier name in front of a notary.
        iii. I have no knowledge of a warranty deed purporting to convey Mr. Javier interest in 47 Blue Lake. I am not the Debtor's Husband. I did not appear to sign Mr. Javier's name in front of a notary.
    C. I have no knowledge of the Forging Mr. Javier's name to a vehicle, nor the selling of such vehicle, nor the keeping of any vehicle proceeds.
    D. I have no knowledge of the keepings of the community property assets.
    E. I have no knowledge of Mr. Javier unemployment benefits.
    F. I have no knowledge of the forging of Mr. Javier's name to cash out a COVID stimulus check.
3. Mr. Javier Sanchez was successful in vacating the divorced decree through Bill of Review, in Case No. 2020-48032; Therefore, going back to being married to Mrs. Kimbirly Sanchez.
4. I, Arturo Gonzalez am not the Debtor's Husband according to the Bill of Review. I, Arturo Gonzalez, ("Defendant") hereby requests judgement against Plaintiff for reasonable and necessary attorneys' fees under the provisions of section 37.009 and 38.001, Texas Civil Practice and Remedies Code. I have no knowledge of Mr. Javier's TWC unemployment benefits.

5. According to the Harris County District Clerk website the proceeding in State Court Lawsuit have been moved to Bankruptcy Court.
6. Chapter 7 Trustee's Report of No Distribution: I, Ronald J Sommers, having been appointed trustee of the estate of the above-named Debtor(s), acting pursuant to Fed. R. Bankr. P. 6007(a), abandon all property scheduled by the Debtor(s). A party in interest may file and serve an objection within 14 days of the sending of this Notice. If no timely objection is filed, all scheduled assets will be abandoned without the necessity of a further Court order. I report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the Debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named Debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the Debtor(s) or otherwise found in the case record: This case was pending for 2 months. Assets Abandoned (without deducting any secured claims): $ 0.00, Assets Exempt: $ 650.00, Claims Scheduled:
$1,022,350.00, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $1022350.00. (Sommers, Ronald) (Entered: 09/05/2024)
7. Currently, I am not able to comment on any Jurisdiction matters.
8. Currently, I am not able to comment on any removal proceedings nor or any Jurisdiction matters.
9. Each claim and cause of action in the State Court Lawsuit is not related to the Bankruptcy Case. Mrs. Kimbirly Sanchez filed for bankruptcy for consumer dept she acquired prior to the 2022 lawsuit.
10. Currently, I am not able to comment on any Notice of removal that has been or will be promptly filed.
11. Currently, I am not able to comment on any request removal of State Court Lawsuits.
12. The plaintiff has failed beyond a reasonable doubt to prove each and every allegation. I, Arturo Gonzalez, ("Defendant") respectfully prays that the Notice of removal of Action to not be filed; that the State Court Lawsuit in the 189th Judicial District of Harris County, Texas; Case No. 2023-38275 not to be removed from any proceeding in that court; and that the proceeding of this case be heard by the 189th Judicial District Court of Harris County, Texas.

RESPECTLY SUMITTED BY:

*Arturo Gonzalez*

Arturo Gonzalez

("Defendant")