IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



United States Courts
Southern District of Texas
FILED

OCT 04 2024

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 24-33223 |
| KIMBIRLY GONZALEZ, | § | |
| | § | CHAPTER 7 |
| Debtor. | § | |
| | § | |
| JAVIER SANCHEZ, JR. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 24-3163 |
| | § | |
| KIMBIRLY GONZALEZ, ARTURO | § | |
| GONZALEZ, MAKKULA LLC AND | § | |
| JOSE LUIS CELADON RAMIREZ, | § | |
| | § | |
| Defendants. | § | |

## PRE-TRIAL STATEMENT

TO THE HONORABLE JUDGE OF SAID COURT;

Debtor KIMBIRLY GONZALEZ files a Pretrial Statement; And provides answers for all claims and causes of action against Defendant Kimbirly Gonzalez AKA Kimbirly Sanchez AKA kimbirly Vallejo in case number 24-3163, Javier Ezpinoza Sanchez Jr. Vs. Kimbirly Gonzalez aka kimbirly sanchez aka Kimbirly Vallejo, Arturo Gonzalez, Makula, LLC, Jose Calderon Ramirez; In the Unites state bankruptcy court for the southern district.

[A]

I Kimbirly Gonzalez Deny all allegations; demands strict proof;

1. A notarized waiver was signed by Mr. Javier Sanchez; A notary public is required to witness a person to sign all documents. No Notaries have been reprimanded; Mr. Arturo Gonzalez is not my Husband.
2. Mr. Javier Sanchez's Signature was never forged in a Final Decree of divorce; Mr. Javier sanchez admits his signature can vary on documents; Mr. Javier Sanchez also states that he was never present in front of a notary for the Final divorce decree but objects to his whereabouts in his interrogatory questions.

[B] I Kimbirly Gonzalez Deny all allegations; demands strict proof;

1. Estoppel: Plaintiff has failed to show that defendant ever had title to the property at issue, Arturo Gonzalez has never claimed title to this property. Arturo Gonzalez is not my husband.
2. A warranty deed was signed by Mr. Javier Sanchez; no Notaries have been reprimanded; Arturo Gonzalez is not my husband. A certificate of acknowledgement on a deed, however, is prima facie evidence that the signatory appeared before the notary and executed the deed in question for the purposes and consideration there in expressed" Bell v. Sharif-Munir- Davidson dev. Corp., 738 S.W.2d 326, 330( Tex .App.- Dallas 1987, writ denied). "Clear and unmistakable proof that either the grantor did not appear before the notary practiced some fraud or imposition of the grantor is necessary to overcome the validity of the certificate of acknowledgement. "I'd. Maayeh v. Curry, No. 05-091-01466-CV, 2022 WL 1089913, at *3( Tex. App.- Dallas Apr. 12, 2022, no pet.)(emphasis added). The Burden of proof is on the party who denies the genuineness of the acknowledgement of an instrument. Stout v. Olivera, 153 S.W. 2d 590,596(TEX. Civ. App. -El paso 1941, writ ref'd w.o.m); Morris v. Wells Fargo Bank N.A .334 S.W.3d 838,843(Tex. App.- Dallas 2011, no pet.
3. A warranty deed was signed by Mr. Javier Sanchez; no Notaries have been reprimanded; Arturo Gonzalez is not my husband.

[C]

I never forged Mr. Javier Sanchez's Signature to sell a Vehicle and keeping the proceeds. This accusation is ambiguous does not specify make, model or color of such vehicle.

[D] False; Mr. Javier Sanchez (Husband) took our business equipment from the property that was valued at $100,00.00 and manages the business and keeps all proceeds. Ms. Kimbirly never kept household furniture, appliances, furniture, clothing all items inside the home were given away or thrown due to vandalism to the items when the property was abandoned. My husband Javier had access to the property before the selling of the property.

[E]

False; I kimbirly Gonzalez never I applied Unemployment for Mr. Javier Sanchez.

[F]

False; I kimbirly Gonzalez have never cashed a covid stimulus check under Mr. Javier Sanchez(Husband).

[3]

False; I kimbirly Gonzalez never fraudulent procured a divorce decree.

[4]

Arturo Gonzalez is not my husband. A certificate of acknowledgement on a deed, however, is prima facie evidence that the signatory appeared before the notary and executed the deed in question for the purposes and consideration there in expressed" Bell v. Sharif-Munir- Davidson dev. Corp., 738 S.W.2d 326, 330( Tex .App.- Dallas 1987, writ denied). "Clear and unmistakable proof that either the grantor did not appear before the notary practiced some fraud or imposition of the grantor is necessary to overcome the validity of the certificate of acknowledgement. "I'd. Maayeh v. Curry, No: 05-091-01466-CV, 2022 WL 1089913, at *3( Tex. App.- Dallas Apr. 12, 2022, no pet.)(emphasis added). The Burden of proof is on the party who denies the genuineness of the acknowledgement of an instrument. Stout v. Olivera, 153 S.W. 2d 590,596(TEX. Civ. App. -El paso 1941, writ ref'd w.o.m); Morris v. Wells Fargo Bank N.A .334 S.W.3d 838,843(Tex. App.- Dallas 2011, no pet.
I did not steal Mr. Javier identity or unemployment.

[5]
According to Harris County there is no state lawsuit it has removed and placed in the Bankruptcy.

[6]
Chapter 7 Trustee's Report of No Distribution: I, Ronald J Sommers, having been appointed trustee of the estate of the above-named Debtor(s), acting pursuant to Fed. R. Bankr. P. 6007(a), abandon all property scheduled by the Debtor(s). A party in interest may file and serve an objection within 14 days of the sending of this Notice. If no timely objection is filed, all scheduled assets will be abandoned without the necessity of a further Court order. I report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the Debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named Debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the Debtor(s) or otherwise found in the case record: This case was pending for 2 months. Assets Abandoned (without deducting any secured claims): $ 0.00, Assets Exempt: $ 650.00, Claims Scheduled: $ 1022350.00, Claims Asserted: Not Applicable, Claims scheduled to be discharged

without payment (without deducting the value of collateral or debts excepted from discharge): $ 1022350.00. (Sommers, Ronald) (Entered: 09/05/2024)

Notice of Proposed Abandonment: The chapter 7 trustee in this case has submitted a Report of No Distribution and proposes to abandon all property of the estate scheduled by the Debtor(s) pursuant to FED. R. BANKR. P. 6007(a). Any party in interest may file and serve an objection within 14 days of the sending of this Notice. If no timely objection is filed, all scheduled assets will be abandoned without the necessity of further Court order. If a timely objection is filed, the proposed abandonment will not occur until the Court rules on the proposed abandonment. (ADI User) (Entered: 09/06/2024)

[7]

Currently, I'm not able to answer any jurisdiction matters.

[8]

Currently, I'm not able to answer.

[9]

Currently, I cannot answer any cause of action related court lawsuit.

[10]

Currently, I' not able to answer

[11]

Currently, I'm not able to answer

[12]

The plaintiff has failed beyond a reasonable doubt to prove each and every allegation.

RESPECTLY SUMITTED BY:

*Kimbirly Gonzalez*

Kimbirly Gonzalez

(Debtor)