IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| KIMBIRLY SANCHEZ AKA | § | CASE NO. 24-33223 |
| KIMBIRLY VALLEJO AKA | § | (Chapter 7) |
| KIMBIRLY GONZALEZ | § | |
|    Debtor | § | |
| | § | |
| _____ | § | |
| JAVIER ESPINOZA SANCHEZ, JR. | § | ADVERSARY NO. 24-03163 |
|    Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | |
| KIMBIRLY SANCHEZ a/k/a | § | |
| KIMBIRLY VALLEJO a/k/a KIMBIRLY | § | |
| GONZALEZ, ARTURO GONZALEZ, | § | |
| MAKKULA, LLC and JOSE LUIS | § | |
| CELEDON RAMIREZ | § | |
|    Defendants | § | |
| | § | |
| | § | |
| vs. | § | |
| | § | Cause No. 2023-38275 |
| BUILDER FINANCE, INC | § | Removed from the District Court of |
|    Intervenor | § | Harris County, Texas |

**JOINT RULE 26(f) REPORT AND JOINT DISCOVERY/CASE MANAGEMENT PLAN**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

      COMES NOW, Plaintiff **JAVIER ESPINOZA SANCHEZ, JR**. ("Plaintiff" or "Javier"), Debtor/Defendant Kimbirly Sanchez a/k/a Kimbirly Vallejo a/k/a Kimbirly Gonzalez, Defendant Arturo Gonzalez, Defendant Makkula, LLC, and Defendant Jose Luis Celedon Ramirez ("Defendants"), and Intervenor, Builder Finance, Inc. ("Intervenor") pursuant to the provisions of Fed. R. Civ. P. 26(f) and file this their Joint Report of their meeting under the requirements of Rule 26 (f) and their joint discovery/case management plan.

1. **State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

   The meeting occurred via email exchanges and phone calls among:
   Gary Cerasuolo and/or Elizabeth Bruman—For Plaintiff, Javier Sanchez
   Nicholas M. Wajda—for the Debtor[1]
   Michael E. Keller and/or Deborah Young —for Jose Luis Celedon
   Bradford W. Irelan and/or Damian W. Abreo— for Makkula, LLC
   Chase Gregory Jones— for Arturo Gonzalez
   Kent M. Hanszen, and Alexandra E. Pierce — for Builder Finance, Inc.
   Counsel conferred via Zoom video conference on Friday, September 20, 2024 at 1:30 pm

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   A. *In Re Kimbirly Sanchez aka Kimbirly Vallejo aka Kimbirly Gonzalez (Debtor) / Javier Espinoza Sanchez, Jr. (Plaintiff) vs. Kimbirly Sanchez aka Kimbirly Vallejo aka Kimbirly Gonzalez, Arturo Gonzalez, Makkula, LLC and Jose Luis Celdon Ramirez (Defendants) vs. Builder Finance, Inc. (Intervenor),* Case No. 24-33223, Adversary No. 24-03163. **(This case).**

   B. *Javier Espinoza Sanchez, Jr. v. Kimbirly Sanchez aka Kimbirly Vallejo aka Kimbirly Gonzalez, Arturo Gonzalez, Makkula, LLC and Jose Luis Celedon Ramirez v. Builder Finance Inc. (Intervenor).* Cause Number 2023-38275 in the 189th District Court of Harris County, Texas. **(This case prior to removal).**

   C. *In the Matter of the Marriage of Javier Sanchez and Kimbirly Sanchez aka Kimbirly Vallejo aka Kimbirly Gonzalez*, Cause No. 2022-49900 in the 312th Judicial District Court of Harris County, Texas. **(Bill of Review on Divorce case - Bill of Review granted).**

---

[1] The Debtor and her counsel were included on the initial emails requesting all parties to provide input pursuant to Rule 26(f) and were provided with a draft Joint Rule 26(f) Report and Joint Discovery/Case Management Plan. After an exchange of several preliminary emails with no response from the Debtor, the Debtor was omitted from future emails regarding the Joint Rule 26(f) Report due to her representation by counsel in the bankruptcy case. Debtor's counsel continued to be included on all communication regarding the Rule 26(f) Report. On October 7, 2024, Debtor's counsel informed counsel for Jose Luis Celedon Ramirez that he did not represent the Debtor in the adversary proceeding. That was the first communication to any counsel that the Debtor was not represented by counsel in the adversary proceeding.

      D.    *In the Matter of the Marriage of Kimbirly Sanchez and Javier Sanchez*, Cause No. 2020-48032 in the 312th Judicial District Court of Harris County, Texas. **(Divorce case).**

3. **List anticipated intervenors or additional parties that should be included when they can be added, and by whom they are wanted.**

   None known.

4. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures**.

   Initial disclosures have not yet been made. All parties will file and serve their Rule 26(a) disclosures on or before October 30, 2024.

5. **Describe the proposed agreed discovery plan including:**

   **(a)** **Responses to matters raised in Rule 26(f).**

   Plaintiff anticipates serving the Debtor and the Defendants with additional written discovery and supplementing prior discovery responses within the next 60 days.

   Debtor/Defendant Kimbirly Sanchez aka Kimbirly Vallejo aka Kimbirly Gonzalez did not provide input for this report.

   Defendant Arturo Gonzalez did not provide input for this report.

   Defendant Makkula, LLC anticipates serving additional written discovery on the Debtor, Arturo Gonzalez, and Javier Sanchez and, to the extent necessary, supplementing its discovery responses within the next 90 days.

   Defendant Jose Luis Celedon Ramirez anticipates serving Debtor, Plaintiffs, and Co-Defendants with additional written discovery and supplementing prior discovery responses within the next 90 days.

   Intervenor Builder Finance Inc. anticipates serving written discovery on Defendant/Debtor Kimbirly Sanchez and Plainitiff within the next 60 days.

   It is anticipated that discovery can be completed within 150 days.

   **(b)** **When and to whom the Plaintiff anticipates it may send interrogatories**.

Plaintiff anticipates that he may send additional interrogatories to Defendants within the next 60 days.

**(c)** **When and to whom Defendants anticipate they may send interrogatories.**

Debtor/Defendant Kimbirly Sanchez aka Kimbirly Vallejo aka Kimbirly Gonzalez did not provide input for this report.

Defendant Arturo Gonzalez did not provide input for this report.
.
Defendant Makkula, LLC anticipates sending interrogatories to Debtor, Arturo Gonzalez, and Javier Sanchez within the next 90 days.

Defendant Jose Luis Celedon Ramirez anticipates sending interrogatories to Debtor, Plaintiff, and Co-Defendants within the next 90 days.

Intervenor Builder Finance Inc. anticipates it may send interrogatories to Plaintiff and Defendants within 60-days.

**(d)** **On whom and by when the Plaintiff anticipates taking oral depositions.**

Plaintiff anticipates that he may need additional depositions of Makkula, LLC and/or Jose Luis Celedon Ramirez. These depositions can be taken within the next 90 days.

**(e)** **Of whom and by when the Defendants anticipate taking oral depositions**

Debtor/Defendant Kimbirly Sanchez aka Kimbirly Vallejo aka Kimbirly Gonzalez did not provide input for this report.

Defendant Arturo Gonzalez did not provide input for this report.

Defendant Makkula, LLC anticipates that it may need the depositions of Kimbirly Gonzalez, and possibly Javier Sanchez. These depositions can be taken within the next 150 days.

Defendant Jose Luis Celedon Ramirez anticipates that he may need the depositions of Debtor, Plaintiff, and Co-Defendants. These depositions can be taken within the next 90 days.

Intervenor Builder Finance Inc. anticipates that it may need the depositions of Plaintiff. These depositions can be taken within the next 90 days.

**(f)** **List of expert depositions the Plaintiff anticipates taking and their anticipated completion report. See Rule 26(a)(B) (expert report).**

At the present time, Plaintiff does not believe that any experts other than for attorney's fees are necessary, but reserves the right to name experts and produce their reports within 30 days after Defendant designates any expert.

**(g)** **List of expert depositions the Defendant anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Debtor/Defendant Kimbirly Sanchez aka Kimbirly Vallejo aka Kimbirly Gonzalez did not provide input for this report.

Defendant Arturo Gonzalez did not provide input for this report.

Defendant Makkula, LLC does not anticipate the testimony of any expert witnesses save for those providing testimony on attorney's fees. Makkula, LLC does not anticipate deposing any expert on the issue of attorney's fees. Should any party designate an expert on any other topic, Makkula, LLC reserves the right to depose or to participate in the deposition of that expert.

Defendant Jose Luis Celedon Ramirez does not anticipate designating any experts, aside from those required for attorney's fees.

Intervenor Builder Finance, Inc. does not anticipate designating any experts, aside from those required for attorney's fees.

6. **If the parties are not agreed on a part of the discovery plan, describe separate views and proposals of each party.**

   Not applicable.

7. **Specify the discovery beyond the initial disclosures that have been undertaken to date.**

   A. <u>The Parties</u>

   - **Debtor/Defendant Kimbirly Sanchez aka Kimbirly Vallejo aka Kimbirly Gonzalez**
     - In the Bill of Review case, on or about 11/9/22, Plaintiff served his Request for Production, Admissions and First Set of Written Interrogatories to Debtor/Defendant. On or about 12/8/22,

–5–

Debtor/Defendant served her answers and pled the 5th Amendment for every answer. On or about 3/20/23, Debtor pled the Fifth to most questions during her deposition.

- On or about 4/30/24, Plaintiff served his First Set of Written Interrogatories and Request for Admissions on the Debtor/Defendant. She did not answer these requests.

- On or about 5/15/24, Plaintiff served his Request for Production and Inspection of Documents to the Debtor/Defendant. She did not answer these requests.

- **Defendant Arturo Gonzalez**

  - On or about 2/19/24, Plaintiff sent his Notice of Intention to take the Oral and Videotaped Deposition. Arturo Gonzalez did not appear.

  - On or about 4/30/24, Plaintiff served his Motion to Compel Defendant Arturo Gonzalez's Appearance at Deposition and for Sanctions and for Attorney's Fees, Certificate of Written Discovery, Request for Admissions, and First Set of Written Interrogatories. The Motion was granted.

  - On or about 4/30/24, Plaintiff served his Request for Admissions and Interrogatories on Arturo Gonzalez. Arturo Gonzalez failed to answer these discovery requests.

  - On or about 5/3/24, Plaintiff sent his 2nd Notice of Intention to take the Oral and Videotaped Deposition of Arturo Gonzalez. Arturo Gonzalez appeared pursuant to a Court Order and this notice. He pled the 5th Amendment to most questions.

  - On or about 5/15/24, Plaintiff served his Request for Production and Inspection of Documents to Arturo Gonzalez. Arturo Gonzalez did not answer.

- **Defendant Jose Luis Celedon Ramirez**

  - On or about 3/26/24, Defendant Jose Luis Celedon Ramirez's sent his First Set of Written Discovery including Request for Production and Request for Interrogatories to Plaintiff. On or about 4/22/24, Plaintiff responded.

−6−

- o On or about 5/17/24, Plaintiff served his Request for Production and Inspection of Documents. On or about 6/20/24, Jose Luis Celedon Ramirez served his Objections and Responses to Plaintiff's Request for Production with RAMIREZ 000001-000084.

- o On or about 7/11/23, Jose Luis Celedon Ramirez filed his Expert Disclosures and Initial Disclosures.

- **Defendant Makkula, LLC**

  - o On or about 5/17/24, Plaintiff served his Request for Production and Inspection of Documents. On or about 6/17/24, Makkula, LLC served its Responses to Plaintiff's Request for Production and Inspection of Documents. Defendant Makkula LLC produced documents MAKKULA 000001-000388.

- **Intervenor Builder Finance, Inc.**

  - o On or about 6/20/24, Intervenor filed its Original Petition in Intervention. No discovery has been exchanged.

B. Plaintiff's Discovery Responses

- 194 Required Disclosures were served on 12/22/23, with documents, including supplements Sanchez 000001-000544.

C. Third Party Disclosures

- On or about 5/29/24, Plaintiff served Requests For Production of Documents to First Choice Lending Group, LP, Southern Title, LLC, and Capital Title of Texas, LLC.

8. **State the date the planned discovery can reasonably be completed.**

   Planned discovery should be able to be completed within 150 days of the filing of this Joint Discovery/Case Management Plan.

9. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

   Substantive discussions were had with regard to the facts and legal issues in the matter with Defendant Makkula, LLC and Defendant Jose Luis Celedon Ramirez but not with Defendant Arturo Gonzalez or the Debtor/Defendant Kimbirly Sanchez aka Kimbirly Vallejo aka Kimbirly Gonzalez. No settlement has yet been reached.

–7–

10. **From the attorney's discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable.**

    Mediation has occurred once between Plaintiff and the Debtor.

    With the exception of the Debtor and her husband, Arturo Gonzales, the parties believe that if mediation is appropriate, they should be able to agree upon the mediator.

    Prior to removal, the Debtor and her husband/Defendant Arturo Gonzalez have been uncooperative in scheduling mediation with all parties and preferred not to participate. It is anticipated a court order will be necessary to compel the Debtor Kimbirly Sanchez aka Kimbirly Vallejo aka Kimbirly Gonzalez and her husband/Defendant Arturo Gonzalez to participate.

11. **State whether a jury demand has been made.**

    No.

12. **Estimate the number of hours it will take to present the evidence in this case.**

    20 hours

13. **List pending motions**.

    None at this time.

14. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference**.

    None at this time.

15. **List the names, bar numbers, addresses and telephone numbers for all counsel.**

    Plaintiff Javier Espinoza Sanchez, Jr's counselors:

| Bankruptcy Court: | State Court: |
|---|---|
| Gary F. Cerasuolo | Steve Bruman |
| State Bar No. 00789927 | State Bar No.03245050 |
| 7500 San Felipe, Suite 777 | Elizabeth Bruman |
| Houston, Texas 77063 | State Bar No. 13882700 |
| Tel: 713-787-0003 | 8128 Spring Cypress Road |

Fax: 713-782-6785  
Gary.cerasuolo@gmail.com

Spring, Texas 77379  
Tel: 281-583-0055  
Fax: 281-587-9342  
bruman@brumanlaw.com

Debtor/Defendant Kimbirly Gonzalez aka Kimbirly Vallejo aka Kimbirly Sanchez's counsel:

Pro Se in State Court Case  
Bankruptcy Debtor Counsel:

Nicholas M. Wajda  
State Bar No. 24106757  
8117 Preston Road  
Suite 300  
Dallas, TX 75225  
Tel: 214-396-6008  
nick@recoverylawgroup.com


Defendant Jose Luis Celdon Ramirez's counsel:

Michael E. Keller  
State Bar No. 24087837  
Deborah Young  
State Bar No. 24116772  
5440 Harvest Hill Road, Suite 233  
Dallas, Texas 75230  
Tel: 214-775-0817  
deborah@kellerfirm.com  
mike@kellerfirm.com


Defendant Makkula, LLC's counsel:

Bradford W. Irelan  
State Bar No. 10411550  
Damian W. Abreo  
State Bar. No. 24006728  
2520 Caroline St., 2nd Floor  
Houston, Texas 77004  
Tel: 713-222-7666  
birelan@imtexaslaw.com  
dabreo@imtexaslaw.com

Defendant Arturo Gonzalez's counsel*:

Chase Gregory Jones
State Bar No. 24106148
6942 FM 1960 Rd. East #361
Humble, Texas 77346
Tel: 832-543-4060
chase@chasejoneslaw.com
*On October 3, 2024, Mr. Jones filed a Motion to Withdraw as counsel in Case No. 2023-38275 stating that the case had been removed and that he had made no appearance as counsel for Mr. Gonzalez in this adversary case.


Intervenor Builder Finance, Inc.'s counsel:

Kent M. Hanszen
State Bar No. 00784210
Alezandra E. Pierce
State Bar No. 24131912
14201 Memorial Drive
Houston, Texas 77079
Tel: 713-522-9444
khanszen@hanszenlaporte.com
apierce@hanszenlaporte.com


        Respectfully submitted,

        SMITH & CERASUOLO, LLP

        By /s/ Gary F. Cerasuolo
        Gary F. Cerasuolo
        State Bar No. 00789927
        7500 San Felipe, Suite 777
        Houston, Texas 77063
        (713) 787-0003
        (713) 782-6785 (fax)
        Email: gary.cerasuolo@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing amended complaint has been served on all parties in interest as ecf transmission and/or email and/or facsimile and/or depositing the same in the U.S mail, regular mail, postage prepaid and/or certified mail this 8th day of October, 2024.

Via Email: nick@recoverylawgroup.com
c/o Nicholas M. Wajda
Kimbirly Sanchez a/k/a Kimbirly Vallejo
a/k/a Kimbirly Gonzalez
8117 Preston Road,
Suite 300
Dallas, Texas 75225
Attorney for Debtor

Via Email: kimbirlyg94@icloud.com
Kimbirly Sanchez a/k/a Kimbirly Vallejo
a/k/a Kimbirly Gonzalez
12410 Green Mesa Drive,
Houston, Texas 77044

Via Email: mike@kellerfirm.com, deborah@kellerfirm.com
Michael E. Keller
Deborah Young
5440 Harvest Hill Road, Suite 233
Dallas, Texas 75230
Attorney for Jose Luis Celedon Ramirez

Via Email: birelan@imtexaslaw.com, dabreo@imtexaslaw.com
Bradford W. Irelan
Damian Abreo
2520 Caroline St., 2nd Floor
Houston, Texas
Attorneys for Makkula, LLC

Via Email: chase@chasejoneslaw.com
Chase Gregory Jones
6942 FM 1960 Rd. East #361
Humble, Tx 77346
Attorney for Arturo Gonzalez

Via Email: Gonzo19nell@gmail.com
Arturo Gonzalez
25356 Grotto Falls Lane
Porter, Tx  77365
(Arturo Gonzalez is included on this certificate of service based on communication from Chase Jones stating that he does not represent him in this proceeding)

Via Email: khanszen@hanszenlaporte.com, apierce@hanszenlaporte.com
Kent M. Hanszen
Alexandra E. Pierce
14201 Memorial Drive
Houston, Texas
Attorneys for Builder Finance, Inc.

                          By /s/ Gary F. Cerasuolo
                             Gary F. Cerasuolo